**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Rivers, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Asset Acceptance, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this

district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Amanda Rivers ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Pima, and City of Tucson.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Asset Acceptance, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiffs' residential telephone number in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiffs' residential telephone number to, upon information and belief, attempt to encourage the purchase or rental of, or investment in, property, goods, or services; and upon information and belief to advertise the commercial availability or quality of property, goods, or services.

13. Defendant placed calls to Plaintiffs telephone, including, but not limited to, the following dates and times, with visible Caller ID information as follows:

(1) Warranty Service 443-550-7962 5/27 @ 1:28pm;

(2) Warranty Service 443-550-7962 5/25 @ 10:18am;

(3) Debt Settl. Svc 443-550-7959 5/24 @ 1:02pm;

(4) Warranty Service 443-550-7962 5/21 @ 9:27am;

(5) Warranty Service 443-550-7962 5/19 @ 10:03am;

(6) Debt Settl. Svc 404-550-7959 5/18 @ 10:00am;

(7) AACC 703-656-9850 4/22 @ 12:14pm;

(8) AACC 703-656-9850 4/20 @ 8:13am.

14. In each such instance, Defendant failed to make meaningful disclosure of its true corporate identity, and in instances 1,2,4 and 5, falsely represented its identity as

that of an entity apart from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(10), 1692e(14)).

15. Defendant left a voicemail message on Plaintiffs home telephone answering machine on or about June 1, 2010 @ 10:20 A.M. in which Defendant failed to disclose its true corporate identity and further failed to notice Plaintiff that the call was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. 47 U.S.C. § 227(b)(1)(B) provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> \*     \*     \*
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

21. Defendant violated 47 U.S.C. § 227(b)(1)(B) by willfully and knowingly initiating non-emergency telephone calls to Plaintiffs' residential telephone line using an artificial or prerecorded voice to deliver voice messages, absent Plaintiffs' prior express consent, and not subject to exemption by rule or order.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of July, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff